(Hamilton County Common Pleas.)

ELSHOFF v. DEREMO.

Where building lots extend from a higher to a lower street, the depth to which the owner may excavate his lot under the statute, without being liable for damage to his neighbor, if free from negligence, is determined by a slanting line from the curb of the higher to the curb of the lower street.

---

Charge to the Court.

BATES J.

Gentlemen of the Jury: Your consideration of this case will have to be divided into two parts, viz: the injury to the soil and the injury to the house.

First, as to the soil: There has been a caving in of the soil between the plaintiff's two houses, and along the east side of his lower house. Every man has a right to have his soil left in its natural state, and his neighbor has no right to take away the support from it that nature gave. If the plaintiff's soil would not have fallen in but for the weight or pressure of his buildings, or but for his having piled earth on it, or terraced it, he cannot recover for the disturbance. But if the caving in of his soil was caused by defendant's excavation, and would have happened even if no buildings or terracing or other artificial weight had been put upon it, he can recover what it would have cost at the time of the caving to restore the soil to its natural state, that is, to put back the soil as it originally was, but making no allowance for additional earth used in any terracing or otherwise, and no allowance for paving. And this cost bears interest to the first day of the term, i. e. to April 1st.

Second—As to the building: The state of Ohio has a law making people liable under certain circumstances, if by digging they injure such adjoining improvements as consist in house or walls. This will not include terraces or brick pavements.

This statute allows a person to dig a certain depth without being liable for injury to adjoining improvements, provided he was not careless in his digging. This statutory depth was nine feet in 1883, when the injured house was built, and was changed by law to twelve feet in 1888, before defendant's excavation was made. That law said that a person could excavate to that depth without liability, but if he dug deeper, he must pay for injury to the improvements. And it says that the depth must be measured at that distance below the curb, or if there be no curb, then at that distance below the surface of the adjoining lots.

In our case, we have two streets, and both parties' properties run side by side through from one to the other street. Both front on Brown street, which has and had an established grade and a curb, and they run with approximate uniformity of ascent, up the hill, about 130 feet, to Bellevue street, which is over 30 feet higher than Brown street. In 1883, Bellevue street was open, but its grade had not been established as far west as these properties, nor had it a curb. Its present grade is some five feet higher than its natural surface.

Now this statute, in effect, creates both a protection and a liability. It gives a protection to a man whose foundations reach the statutory depth, and creates a liability upon one who digs deeper. But when a lot has two curbs, or two fronts of different grade, the statute does not say by which one to go.

I see no way to give the benefit of both fronts except to say that the statutory depth means that depth below the line from curb to curb, a slanting line, nine or twelve feet below what the surface of the ground, if reduced to a strictly uniform slope, would be

at each point. Now taking this line as being intended by the statute, the plaintiff if his rear foundation was nine feet down below said surface line, will have the protection of the statute, and defendant would have to pay for all the injury he caused to the house; but if his rear wall does not go to that depth, although his front one does, then he has not brought himself within the protection of the statute as it was in 1883; and the only remaining question then would be as to the liability under the statute as it was when the defendant excavated.

By that statute, defendant could dig twelve feet without liability for buildings, and if he dug over twelve feet, he was liable for the buidings.

Now, as Brown street had a grade at the time he began to excavate, the line of liability is a sloping line twelve feet under ground, below a straight line from the Brown street curb to the Bellevue street curb. For all the mischief that happened while he was not lower than that line he is not liable. That is to say, his digging is to be divided into two periods. First, while he is above that twelve foot sloping line, and second, while below it. While above it, that is, before he had got down to a point below that line, he was not bound to shore up plaintiff's house. He was bound to dig carefully, but the emp'oyment of a reasonable, careful contractor, is a sufficient exercise of care here, and if the house was injured during the time, he was not liable for it; for otherwise, the plaintiff would deprive the defendant of all benefit of his own lot; and, up to that point, plaintiff must hold up his house himself. But after plaintiff had reached the twelve foot line, any damage caused by his exceeding that line—whether he dug himself, or had a contractor, and whether careful or not, all damage to buildings caused by exceeding that line he must pay for.

Now what were those damages? It is only to a building; terrace, brick pavings and shrubbery must be excluded, and no rental value has been proved. The damages must be the cost of putting the house back to the condition it would have been in had the twelve foot line been observed.

Now, all the evidence as to the whole hillside having a tendency to slide, and being affected by springs, is valuable as tending to show how much of the injury might have occurred while the digging was lawful. that is, while above the twelve foot line; but beyond that, it is of no value; because at the point where it became the defendant's duty to hold up the house, the fact that it would slip easily, had nothing to do with the case, if it would not have slipped but for the unlawful digging. To sum up, the items to be ascertained are:

1.—The damage to the natural soil, regardless of the depth of excavation, or whether it was done carefully or not.

2.—The damage to the house to the extent that it would not have happened if defendant had not gone beyond the statutory depth.

These items are to be ascertained under the rules laid down in the foregoing charge. Interest is to be allowed up to April 1st, and the whole returned as a lump sum in your verdict, if you find for the plaintiff. But if you find for the defendant, your verdict will simply be for the defendant

Bode & Spiegel, for Plaintiff.

E. B. & James Molony, for Defendant.